IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

MICHELLE BONNETT,

    Plaintiff,

v.

Case No. 3:20-cv-00039 _____

1ST TIME TRANSPORTATION, LLC,
FEDEX CUSTOM CRITICAL, INC.,
ESCARGO LLC, AND
CHRISTOPHER BURCH,

    Defendant.

## NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

Pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, Defendant, FedEx Custom Critical, Inc. ("Custom Critical"), hereby files this Notice of Removal, removing the action captioned as *Michelle Bonnett v. 1st Time Transportation, LLC, FedEx Custom Critical, Inc., Escargo LLC, and Christopher Burch,* Case No. 19-C-211, presently presiding in the Circuit Court of Putnam County, West Virginia (the "State Court Action"), to the United States District Court for the Southern District of West Virginia. In support of its Notice of Removal, Custom Critical states as follows:

### I.   Background

1.     Plaintiff, Michelle Bonnett, seeks compensatory, expectation, and punitive money damages based on a motor vehicle incident which allegedly occurred on October 19, 2017. Plaintiff filed a complaint (the "Complaint") in the State Court Action on October 19, 2019. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached hereto as Exhibit "A".

2. Custom Critical was served with the Summons and Complaint based on the Summons and Complaint on December 16, 2019, by certified mail.

3. Upon information and belief, the documents attached hereto as Exhibit A represent all of the pleadings, process, and orders filed in connection with the State Court Action.

4. Custom Critical has not yet filed a responsive pleading in the Circuit Court of Putnam County, West Virginia.

## II.     Statement of Jurisdiction

5. Pursuant to 28 U.S.C. § 1441(a), removal of an action originally filed in state court is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

6. 28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

7. Because Michelle Bonnett, as the named Plaintiff, has pled an amount in controversy in excess of $75,000 and the claim is between citizens of different states, this case lies within the original subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a).

### A.    The Amount in Controversy Exceeds the Jurisdictional Threshold of Seventy-Five Thousand Dollars.

8. In the Fourth Circuit, "the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710-11 (4th Cir. 2002). Importantly, "the appropriate measure is not the amount of damages Plaintiffs will ultimately recover, but rather the *alleged* amount in controversy." *Hardig v. Certainteed Corp.*, No. 3:11CV535, 2012 U.S. Dist. LEXIS 15852, at *3 (W.D.N.C. Feb. 9, 2012) (emphasis added). If the removing party establishes by a preponderance

of the evidence that an excess of $75,000 is in controversy, the District Court must exercise its jurisdiction. *Perilli v. Nationwide Mut. Ins. Co.*, No. 5:10-cv-56, 2011 U.S. Dist. LEXIS 64779, at *9 (N.D. W. Va. June 17, 2011); *see also Cum v. Gen. Elec. Co.*, 5 F. Supp. 2d 412, 415 (S.D. W. Va. 1998) ("It is well-established federal courts have a 'virtually unflagging obligation to exercise the jurisdiction given them.'" (citation omitted)).

9. When determining the amount in controversy, the Court should consider the "cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record." *Miller v. Bank of America*, No. 1:10-cv-213, 2011 U.S. Dist. LEXIS 62991, at *4 (N.D. W. Va. June 13, 2011). Courts should consider the Complaint and the "[t]ype and extent of the plaintiffs injuries and the possible damages recoverable therefore [sic], including punitive damages if appropriate." *Weddington v. Ford Motor Credit*, 59 F. Supp. 2d 578, 584 (S.D. W. Va. 1999) (*citing Watterson v. GMRI, Inc.*, 14 F. Supp. 2d 844, 850 (S.D.W. Va. 1997) (internal citations omitted)).

10. In order to use a stipulation of the amount in controversy to successfully avoid federal jurisdiction in this District, a plaintiff must provide a "formal, truly binding, pre-removal stipulation signed by counsel and his client explicitly limiting recovery." *McCoy*, 147 F.Supp.2d at 485. *See also* 14 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure S 3702.4 (4th ed. 2017) ("[T]o be effective, ... any [stipulation limiting damages sought] must be filed prior to removal."). Some courts have held that the stipulation must also be filed contemporaneously with the complaint and must be signed and notarized. *Kittredge v. Navy Fed. Credit Union*, 2016 WL 47877, at *2 (N.D.W. Va. Jan. 4, 2016) (unpublished opinion). Finally, some courts require that a stipulation accompany a complaint that states a sum-certain prayer for relief in order to be effective. *McCoy*, 147 F.Supp.2d at 485.

11. Oftentimes, informal and non-binding stipulations, even if filed before removal, will not prevent federal jurisdiction. *See Dash v. FirstPlus Home Loan Owner Trust,* 248 F.Supp.2d 489, 450 (M.D.N.C. 2003) (declining to remand even though the plaintiffs had included in their complaint a non-binding stipulation that they would not seek more than $75,000 in compensatory damages because defendants showed, by a preponderance of the evidence, that the damages plaintiffs pled, if proven, would entitle the plaintiffs to recovery in excess of $75,000). Likewise, even properly executed stipulations may fail to prevent federal jurisdiction if the complaint fails to state a sum certain prayer for relief. *See Kittredge,* 2016 WL 47877, at *3 (finding that even an enforceable, unambiguous stipulation that damages were less than $75,000 that had been submitted together with the plaintiff's complaint in state court did not, on its own, require remand because the plaintiff had failed to include a sum-certain prayer for relief in the complaint).

12. Separate claims for relief by a plaintiff in a single cause of action may be combined and aggregated together to meet the amount in controversy requirement "even if no individual claim exceeds the jurisdictional amount." *Long & Foster Real Estate, Inc. v. NRT Mid-Atlantic, Inc.*, 357 F. Supp. 2d 911, 920 (E.D. Va. 2005); *see Massey v. Green Tree Servicing, LLC*, No. 5:10-cv-533, 2011 U.S. Dist. LEXIS 34929 (S.D. W. Va. Mar 30, 2010). Additionally, Plaintiff's demands for actual damages and punitive damages should be considered by the Court in determining the amount in controversy. *See, e.g., Maxwell v. Wells Fargo Bank, N.A.*, No. 2:09-CV-500, 2009 U.S. Dist. LEXIS 94476, at *6-14 (S.D. W. Va. Oct. 9, 2009) (including statutory damages, actual damages, and attorneys' fees in the calculation of the jurisdictional amount in controversy and specifically holding that attorneys' fees were to be included; *Weddington*, 59 F. Supp. 2d at 584-85 (including actual damages, punitive damages, and attorneys' fees as part of the

amount in controversy).

13. In this case, although Plaintiff attempts to stipulate that the amount in controversy is less than $75,000, it is not determinative of the issue as it is not signed by Plaintiff and the Plaintiff alleges damages in excess of $75,000. Plaintiff has alleged that Defendant Burch "carelessly and recklessly attempted to make a u-turn from the right lane and entered the left lane of Route 25 where the Plaintiff, Michelle Bonnett, was driving her vehicle. Defendant Burch struck the entire passenger side of the Plaintiff's vehicle." As a result, Plaintiff has suffered medical expenses; pain and suffering, physical limitations; diminished capacity to enjoy life; annoyance and inconvenience; loss of household services; permanent impairment; mental anguish; future pain and suffering; future medical services and consequent costs therefore; and other consequences and damages associated with her injuries as may be specified as this action progresses. Plaintiff specifically seeks compensatory damages in an amount determined by a jury, punitive damages, as well as an award of the attorney fees. Thus, the alleged amount is actually much greater than $75,000.

14. In addition to the above-described alleged damages, which alone exceed the jurisdictional threshold, Plaintiff is seeking unspecified actual damages. (Complaint at par. 15). As stated above, Plaintiff seeks emotional distress damages. The Court must consider these requested damages in determining the amount in controversy. *See Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 24 (S.D. W. Va. 1994) (holding jurisdictional amount satisfied where plaintiff sought approximately $19,000 in damages, and also requested punitive damages and damages for aggravation, annoyance, and inconvenience). A claim for emotional damages, standing alone, would be sufficient to satisfy the $75,000 amount in controversy requirement. *Weddington*, 59 F. Supp. 2d at 584 (holding that the $75,000 amount in controversy requirement

<mark>was satisfied when plaintiff, who did not specify total amount of damages sought, asked to be compensated for mental anxiety, suffering, annoyance, aggravation, inconvenience and humiliation as a result of alleged credit damages.) The *Weddington* Court reasoned that while a judgment as to these particular pleas may vary significantly, the Court "is not required to leave its common sense behind." Therefore, on the basis of these damages alone, the Court finds that it would not be unreasonable for a damage judgment to be entered in this case in excess of the jurisdictional requisite of $75,000. *Id.* (internal citation omitted). Thus, Plaintiff's unspecified alleged actual damages could easily exceed the $75,000 amount in controversy requirement.</mark>

15. Additionally, Plaintiff seeks punitive damages of their Complaint. It is well-established that punitive damages may be considered in determining the amount in controversy. *See, e.g., Weddington*, 59 F. Supp. 2d at 584; *Mullins*, 861 F. Supp. at 24. Thus, Plaintiff has alleged damages in excess of $75,000. As such, the jurisdictional amount is satisfied for purposes of removal.

**B. Complete Diversity of Citizenship Exists Between Plaintiff and Defendants**

16. There is diversity of citizenship between Plaintiff and Defendants.

17. As alleged in the Complaint, Plaintiff is a resident of West Virginia. Upon information and reasonable belief, both at the time Plaintiff initiated this action and at the time of this removal, Plaintiff was a citizen of West Virginia.

18. Defendant, Christopher Burch, upon information and belief, resides in Winter Haven, Florida, 33881.

19. Defendant, 1st Time Transportation, LLC, is, upon information and belief, an Ohio limited liability company, having a principal office address at 14301 N. Industrial Avenue, Maple Heights, Ohio, 44137.

20. Defendant, FedEx Custom Critical, Inc., is an Ohio corporation, having a principal office address at 1475 Boettler Road, Uniontown, Ohio 44685.

21. Defendant, Escargo, LLC, is, upon information and belief, a Florida limited liability company, having a principal office address at 2903 Lakeside Commons Drive, Apt. 103, Tampa, Florida 33613.

22. For purposes of diversity jurisdiction, the citizenship of a limited liability company is determine by the citizenship of all its members. *Central W. Va. Energy Co. v. Mountain State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011).

23. The citizenship in question is Escargo in Florida.

24. Because Plaintiff and Defendants are citizens of different states, there is diversity of citizenship.

### C. Compliance with Legal Requirements for Removal and Reservation of Rights

25. Removal of the State Court Action is timely because it is within thirty (30) days of service of the Complaint on Defendant. See 28 U.S.C. 1446(b); Fed. R. Civ. P. 6(a).

26. Removal is properly made to the United States District Court for the Southern District of West Virginia under 28 U.S.C. 1446(b); Fed. R. Civ. P. 6(a) because Ohio County, West Virginia, where this action is currently pending, sits within the Southern District of West Virginia. See 28 U.S.C. §118(c).

27. A copy of this Notice of Removal will be filed with the Circuit Clerk of Putman County and served upon Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

28. If any question arises as to the propriety of the removal of this State Court Action, Custom Critical respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

29. By filing this Notice of Removal, Custom Critical does not intend to waive and hereby expressly reserves the right to assert any defense or motion available in this action pursuant to state or federal law after removal to this Court, including, but not limited to, objections regarding jurisdiction, venue, sufficiency of process or the service of process.

WHEREFORE, Custom Critical removes to this Court the above-captioned action now pending in the Circuit Court of Putnam County, West Virginia.

Dated: January 14, 2020                    BURNS WHITE LLC


                                           By:   /s/ Phillip T. Glyptis
                                                 BURNS WHITE LLC
                                                 Phillip T. Glyptis (WV I.D. # 9378)
                                                 The Maxwell Center
                                                 32 20th Street, Suite 200
                                                 Wheeling, WV 26003
                                                 E-mail: ptglyptis@burnswhite.com
                                                 (304) 231-1013 – Direct
                                                 (304) 233-1363 - Fax
                                                 *Counsel for Defendant, FedEx Custom Critical, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2020, a true and correct copy of the foregoing Notice of Removal (including all exhibits thereto) has been made available for downloading from the Court's electronic filing system and is being served via U.S. Mail, postage prepaid, upon the following counsel of record:

> Robert D. Cline, Jr., Esq.
> Robert A. Campbell, Esq.
> Letisha R. Bika, Esq.
> FARMER, CLINE & CAMPBELL, PLLC
> Post Office Box 3842
> Charleston, WV 25338
> *Counsel for Plaintiff*

> By: */s/ Phillip T. Glyptis*
> BURNS WHITE LLC
> Phillip T. Glyptis (WV I.D. # 9378)
> The Maxwell Center
> 32 20th Street, Suite 200
> Wheeling, WV 26003
> E-mail: ptglyptis@burnswhite.com
> (304) 231-1013 – Direct
> (304) 233-1363 - Fax
> *Counsel for Defendant, FedEx Custom Critical, Inc.*